IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Freddie M Rios, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| *-vs-* | ) | No. 18-cv- |
| | ) | |
| Thomas Dart, Sheriff of Cook County, | ) | |
| Cook County, Illinois, and Janette | ) | |
| Crofton, | ) | |
| | ) | |
| *Defendants.* | ) | |
| | ) | |

# COMPLAINT

Plaintiff Freddie M Rios, by counsel, alleges as follows:

1.     This is a civil action arising under 42 U.S.C. §1983. The jurisdiction of this Court is conferred by 28 U.S.C. § 1343.

2.     Plaintiff Freddie M Rios is an inmate at the Cook County Department of Corrections (CCDOC) assigned booking number 2015-0505242.

3.     Defendant Thomas Dart is the Sheriff of Cook County. Plaintiff sues Dart in his official capacity only.

4.      Defendant Cook County, in collaboration with the Sheriff as outlined in the January 2011 Inter-Agency Agreement, is responsible for the health and well-being of inmates remanded to the Sheriff of Cook County and is a necessary party in this action pursuant to *Carver v. Sheriff of LaSalle County*, 324 F. 3d 947 (7th Cir. 2003).

5.     Defendant Janette Crofton is a dental assistant assigned to the RTU dental clinic. Defendant Crofton is sued in her individual capacity.

6.      Plaintiff was processed into the CCDOC on or about May 5, 2015.

7.      In around January of 2018 plaintiff suffered significant dental pain.

8.      At all times relevant, the policy at the CCDOC has been that a detainee seeking dental treatment for dental pain must complete a Health Service Request form (HSR form).

9.      The nursing staff at the CCDOC is responsible for collecting HSR forms.

10.     Policy at the CCDOC requires the nursing staff to either fax or scan a HSR form complaining of a toothache to the divisional dental clinic.

11.     It is the policy of defendant Cook County that all inmates complaining of a toothache on a HSR form must be seen by a dentist within 72 hours after receipt by the dental assistant assigned to the dental clinic.

12.     Despite submitting HSR forms it took many months for plaintiff to be seen by a dentist in the RTU. During this encounter a dentist told plaintiff that he needed to return to the clinic for treatment.

13.     Plaintiff has not returned to the dental clinic for treatment. Plaintiff suffers significant dental pain and has difficulty chewing because he has not been treated for his dental pain.

**Count 1:      Deliberate Indifference by Defendant Janette Crofton**

14.     At all times relevant, Janette Crofton was a dental assistant assigned to the RTU dental clinic.

15.     Defendant Crofton, at all times relevant, was responsible for scheduling detainees with dental pain to be evaluated by the RTU dentist.

16.    Dr. Jorelle Alexander supervises defendant Crofton.

17.    Defendant Crofton was trained by Dr. Alexander to review HSR forms complaining of dental pain.

18.    Defendant Crofton was trained by Dr. Alexander to schedule an inmate for an evaluation by a dentist within 72 hours if a HSR form identifies an inmate has a toothache.

19.    Pursuant to the policy of defendant Cook County, the RTU dental assistant receives, by email or fax, all RTU HSR forms complaining of dental pain.

20.    Defendant Crofton knows that if she receives a HSR form complaining of a toothache from the Cermak nursing staff she must schedule the inmate to be evaluated by a dentist within 72 hours.

21.    Defendant Crofton received each of plaintiff's HSR forms complaining of dental pain.

22.    Defendant Crofton knew plaintiff complained of significant dental pain because she reviewed each of plaintiff's HSR forms complaining of dental pain forwarded by the Cermak nursing staff.

23.    At all times relevant, defendant Crofton had the ability to transfer plaintiff immediately to the dental clinic within 72 hours to be evaluated by the RTU dentist.

24.    Defendant Crofton failed to take reasonable measures to facilitate treatment for plaintiff's serious dental pain.

25.    Defendant Crofton caused and continues to cause plaintiff to suffer unnecessary dental pain.

26.    Defendant Crofton has been and continues to be deliberately indifferent to plaintiff's rights secured under the Fourteenth Amendment to the United States Constitution.

**Count 2:        Deliberate Indifference by Defendants Dart and Cook County**

27.    For years it has been common knowledge among administrators at the CCDOC that medical care for serious dental pain was inadequately scheduled because of the policy to schedule inmates for dental care.

28.    On September 10, 2013, Dr. Jorelle Alexander, the Cook County Director of Oral Health, sent an email to the Jail's chief dentist and wrote under the heading "Scheduling," that "[c]urrent process is inefficient" and that "[r]eturn appointments as well as grievances, HSRF, et are not being scheduled appropriately."

29.    Inmates complaining of a toothache on a HSR form, pursuant to the policy at the CCDOC, must be evaluated by a dentist within 72 hours.

30.    Defendants Dart and Cook County know that over the past two years inmates complaining of toothaches are not seen within 72 hours by a dentist.

31.    Defendants also know that, based on defendant Khan's testimony, the CCDOC is not sufficiently staffed with dentists to treat patients complaining of dental pain.

32.    Moreover, defendants Dart and Cook County know the policy to delegate scheduling responsibility to the dental assistant to facilitate a dental

-4-

evaluation for an inmate complaining of dental pain causes treatment to be delayed for no medical reason.

33.    Dental assistants at the CCDOC are unable to diagnose and assess the severity of dental pain.

34.    Plaintiff has suffered and continues to suffer serious dental pain because of the inadequate staffing of dental providers in the RTU and the policy to schedule inmates for dental care.

35.    Defendants Dart and Cook County have not taken any reasonable measures to correct this policy which has caused and continues to cause inmates, like plaintiff, to suffer unnecessary and gratuitous dental pain.

36.    For the reasons previously stated, defendants Dart and Cook County's policy or widespread practices relating to dental care has been and continues to be deliberately indifferent to plaintiff's rights secured by the Fourteenth Amendment to the United States Constitution and is the moving force behind his prolonged dental pain.

37.    Plaintiff demands trial by jury on his claim for damages.

It is therefore respectfully requested that the Court grant appropriate compensatory damages against defendants along with punitive damages against defendant Crofton. Plaintiff also requests that the costs of this action, including attorney's fees, be taxed against defendant Cook County.

/s/ <u>Patrick W. Morrissey</u>
ARDC No. 6309730
Thomas G. Morrissey
Thomas G. Morrissey, Ltd.
10150 S. Western Ave., Ste. Rear
Chicago, Illinois 60643
patrickmorrissey1920@gmail.com
(773) 233-7900

*Attorneys for Plaintiff*